**NOT RECOMMENDED FOR PUBLICATION**
File Name: 09a0414n.06

**No. 08-5140**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| Abel Cigarroa-Luna, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

**FILED**
**Jun 09, 2009**
LEONARD GREEN, Clerk

Before: SILER, COOK, and GRIFFIN, Circuit Judges.

**PER CURIAM**. Pursuant to an oral plea agreement, defendant Abel Cigarroa-Luna pled guilty to one count of illegal reentry into the United States following deportation, under 8 U.S.C. § 1326(a). He was sentenced to a term of 46 months. He appeals his sentence, arguing that the district court erred in applying a two-level enhancement under the sentencing guidelines for reckless endangerment during flight, USSG § 3C1.2. Because there was a nexus between the flight and the offense of conviction the enhancement was not erroneous. We AFFIRM.

**BACKGROUND**

In 2007, Cigarroa-Luna was charged with one count of illegal reentry into the United States following deportation, without consent of the Attorney General, a violation of 8 U.S.C. § 1326(a). He later pled guilty to the offense but objected to a two-level enhancement for having "recklessly created a substantial risk of death or serious bodily injury to another person in the

course of fleeing from a law enforcement officer." USSG § 3C1.2. He argued that in order for this enhancement to apply, there must be a nexus between the reckless endangerment during flight and the offense of conviction and that it was not present here because his flight related to fear of being pursued for state charges, not illegal reentry. After considering the appropriate sentencing factors and overruling the objection, the court imposed a sentence of 46 months.

## DISCUSSION

### A. Facts Underlying the Enhancement

The two-level reckless endangerment enhancement was based on Cigarroa-Luna's flight from Tennessee police officers in June 2007. On that day authorities from the Unicoi County, Tennessee Sheriff's Department attempted to serve warrants on Cigarroa-Luna at his residence. When officers saw Cigarroa-Luna leave his vehicle, they activated their blue lights and siren. Cigarroa-Luna refused to stop and the officers pursued him through two counties. Cigarroa-Luna ran red lights and stop signs and forced vehicles off of the road, eventually crashing. When the officers arrested him, they discovered he had false identification. He was charged with felony evading and was served with outstanding warrants and booked into the Unicoi County Jail, where an administrator recognized him from a previous period of incarceration. He was eventually charged with the instant offense.

### B. Analysis

We review the application of the sentencing guidelines de novo and findings of fact at sentencing for clear error. *See United States v. Tocco,* 306 F.3d 279, 284 (6th Cir. 2002).

At the time of the district court hearing in this case, we had not issued a published opinion on the issue of whether the reckless endangerment during flight enhancement requires a nexus between the flight and offense of conviction. Since then, we decided *United States v. Dial*, 524 F.3d 783 (6th Cir.), *cert. denied*, 129 S.Ct. 232 (2008). *Dial* rejected an earlier unpublished opinion, *United States v. Lykes*, 71 Fed. App'x 543, 553, n.7 (6th Cir. 2003), which noted that the enhancement did not contain a nexus requirement. *Dial*, 524 F.3d at 787, n. 2. *Dial* adopted the approach of the Fifth Circuit in *United States v. Southerland*, 405 F.3d 263 (5th Cir. 2005), which held that, based on reading the guidelines as a whole, there is a nexus requirement and that in order to determine whether such a nexus exists, the court looks to the state of mind of the defendant during flight. *Dial*, 524 F.3d at 788. In discerning the state of mind, the court looks in part to the geographic and temporal proximity between the flight and the underlying offense. *Id.*

Here, the district court found that the nature of the outstanding warrants was unclear. Based upon Cigarroa-Luna's own admission, it found Cigarroa-Luna had no knowledge of outstanding state warrants or any knowledge of why the officers were present. These findings are not challenged by Cigarroa-Luna on appeal and are supported by the record. In light of our decision in *Dial*, to decide whether there is a sufficient nexus between the flight and illegal reentry, we look to Cigarroa-Luna's state of mind when he fled. Given that Cigarroa-Luna knew he was in this country illegally, and did not know about any outstanding warrants that would provoke the police to pursue him, his state of mind must have been related to avoiding arrest for illegal reentry. Looking at the geographic and temporal proximity, the flight occurred during the ongoing offense of illegal entry. Therefore, there was a sufficient nexus between his flight and

No. 08-5140
*United States v. Cigarroa-Luna*

the illegal reentry, and application of the enhancement for reckless endangerment during flight

was not error.

AFFIRMED.